March 21, 2025

745 FIFTH AVENUE | SUITE 500
NEW YORK, NY 10151

WESLEY M. MULLEN

Hon. Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

VIA CM/ECF

> **Defendant and non-party Kevin Schwartz, may file a response to Plaintiff's pre-motion letter by April 2, 2025. By March 28, 2025, Plaintiff and Defendant shall serve a copy of this Order on non-party Kevin Schwartz by email and file proof of service.**
>
> **Dated: March 25, 2025**
> **New York, New York**
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

Re: The Continuum Group LLC v. 666 Performance, LLC, No. 24 CV 5834 (LGS)

Your Honor,

I represent the Plaintiff in this trademark infringement case. I write pursuant to Local Rule 37.2, and pursuant to Rules II.B.2, III.A.1, and III.C.3 of the Court's Individual Rules and Procedures, to request a conference on Plaintiff's anticipated motion to enforce a Rule 45 subpoena seeking documents from non-party Mr. Kevin Schwartz.[1]

Mr. Schwartz ███████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████

Mr. Schwartz also ███████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

Even though it is clear that Mr. Schwartz possesses documents and information directly relevant to the case — and despite months of discussions between counsel, including ones directed by the Court, (ECF Doc. 84) — Mr. Schwartz has not agreed to search for or produce any documents. (*See also* LCR 37.2; Individual Rule III.C.3.)

---

[1] Certain documents cited in this letter application were designated by the Defendant pursuant to the Protective Order. (ECF Doc. 53.) Defendant has also asserted broad "individual[] right[s] to privacy" against disclosure of essentially all information related to Plaintiff's prior efforts to enforce non-party subpoenas. (ECF Doc. 78 at 2.) Plaintiff therefore files this letter under partial seal in accordance with Rule I.D.3 of the Court's Individual Rules and Procedures. Plaintiff neither contends that the letter ought to remain under seal nor concedes that the Defendant's documents are properly designated under the Protective Order. (*See* Rule I.D.3 ("The party with an interest in confidential treatment bears the burden of persuasion.").)

WMULLEN@MULLENPC.COM | (646) 632-3718