UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| The Continuum Group LLC,<br><br>　　　　　　Plaintiff<br><br>　v.<br><br>666 Performance, LLC d/b/a "Continuum" and "Continuum Club,"<br><br>　　　　　　Defendant<br><br>666 Performance, LLC d/b/a "Continuum" and "Continuum Club,"<br><br>　　　　　　Counterclaim Plaintiff<br><br>　v.<br><br>The Continuum Group LLC,<br><br>　　　　　　Counterclaim Defendant | No. 24 CV 5834 (LGS)<br><br>**[REVISED] STIPULATION AND PROPOSED PROTECTIVE ORDER** |

　　　　Plaintiff The Continuum Group LLC and Defendant 666 Performance, LLC (collectively, "the Parties"), having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

　　　　ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with the pre-trial phase of this action:

　　　　1.　　Counsel for any Party may designate any document or information, in whole or in part, as: (a) confidential if counsel determines, in good faith, that such designation is

necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information; or (b) attorneys' eyes only if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in highly-sensitive, non-public specific financial data the disclosure of which to an adverse party risks substantial competitive harm (confidential and attorneys' eyes only material, together, "Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The appropriate designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the appropriate designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation that some or all of that transcript is Protected Material.

2. Any Protected Material disclosed will be held and used by the Party receiving such information solely for use in connection with this Action. *Documents may be filed under seal only as provided in Judge Schofield's Rule I.D.3.*

3. In the event a Party challenges another Party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any Party that Protected Material disclosed in this case is relevant or admissible. Each Party reserves the right to object to the use or admissibility of the Protected Material.

4. Protected Material designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The receiving Party and counsel, including in-house counsel;

  b.  Employees of such counsel assigned to and necessary to assist in the litigation;

  c.  Consultants or experts assisting in the prosecution or defense of the matter, including mock jury consultants and participants in any mock jury exercise, to the extent deemed necessary by counsel; and

  d.  The Court and court staff (including the mediator, or other person having access to any such material by virtue of his or her position with the Court) and court reporting agencies and their staff who need access to such material to perform their job duties.

5. For Protected Material designated as "ATTORNEYS' EYES ONLY," access to, and disclosure of, such Protected Material shall be limited to:

  a.  individuals listed in Paragraph 4(c-d);

  b.  outside counsel of record in this Action for the receiving Party and employees of such counsel assigned to and necessary to assist in the litigation; and

  c.  a single in-house counsel for the receiving Party with responsibility for (i) making decisions with respect to the Action; or (ii) assisting outside counsel in the litigation of the Action.

6. Prior to disclosing or displaying the Protected Material to any person, counsel must:

  a.  Inform the person of the confidential nature of the information or documents;

  b.  Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

  c.  If the person is a Party's expert, consultant, or mock juror, or an employee of such expert, consultant, or mock juror, require each such person to sign an agreement to be bound by this Order in the form attached hereto.

7. The disclosure of a document or information without designating it as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not constitute a waiver of the right to designate such document or information as Protected Material. If so designated, the

document or information shall thenceforth be treated as Protected Material subject to all the terms of this Stipulation and Order.

8. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving Party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing Party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the Party who received PII experiences a data breach, it shall immediately notify the producing Party of the same and cooperate with the producing Party to address and remedy the breach. Nothing herein shall preclude the producing Party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving Party's failure to appropriately protect PII from unauthorized disclosure.

9. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. At the conclusion of litigation, Protected Material and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing Party or certified as destroyed, except that the

Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

11. Nothing herein shall preclude the Parties from disclosing material designated to be Protected Material if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.

12. The Parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the Parties have redacted, sealed or designated as confidential.

13. Within fourteen (14) days of entry of this Order, each Party that has designated information Attorneys' Eyes Only prior to the date of this Order shall either de- or re-designate such material or confirm in writing that such material meets the standard described in Paragraph 1(b) above.

Dated: March 28, 2025

For Plaintiff/Counterclaim Defendant:

*s/Wesley M. Mullen*
Wesley M. Mullen
Mullen P.C.
745 Fifth Avenue, Suite 500
New York, NY 10151
(646) 632-3718
wmullen@mullenpc.com

For Defendant/Counterclaim Plaintiff:

*s/Cono A. Carrano*
Cono A. Carrano
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Tower
2001 K Street, N.W.
Washington, DC 20006
(202) 285-1607
ccarrano@akingump.com

**SO ORDERED.**

This __31__ day of March, 2025.
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| The Continuum Group LLC,<br><br>　　　　　Plaintiff<br><br>　v.<br><br>666 Performance, LLC d/b/a "Continuum" and "Continuum Club,"<br><br>　　　　　Defendant<br><br>666 Performance, LLC d/b/a "Continuum" and "Continuum Club,"<br><br>　　　　　Counterclaim Plaintiff<br><br>　v.<br><br>The Continuum Group LLC,<br><br>　　　　　Counterclaim Defendant | No. 24 CV 5834 (LGS) |

## Agreement to Abide by Confidentiality Order

　　I have been informed by counsel that certain documents or information to be disclosed to me in connection with the captioned matter have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" are confidential by Order of the Court.

　　I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

　DATED:

_____