UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------- X
                                                          :
THE CONTINUUM GROUP LLC,                                  :
                                          Plaintiff,      :
                                                          :          24 Civ. 5834 (LGS)
                    -against-                              :
                                                          :          **<u>OPINION AND ORDER</u>**
666 PERFORMANCE, LLC,                                     :
                                          Defendant.  :
--------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

Plaintiff The Continuum Group LLC ("TCG") brought this action against Defendant 666
Performance, LLC, ("666P") alleging trademark infringement.  666P filed an Answer asserting a
counterclaim seeking a declaratory judgment of non-infringement (the "Counterclaim").  TCG
moves to dismiss the Counterclaim for failure to state a claim pursuant to Federal Rule of Civil
Procedure 12(b)(6).  Counterclaim Plaintiff 666P opposes the motion.  For the reasons below, the
motion is granted.

## I.    BACKGROUND

The following facts are taken from the Counterclaim and are assumed to be true for
purposes of this motion.  *See Hu v. City of New York*, 927 F.3d 81, 88 (2d Cir. 2019).

666P is a company offering technology-focused health services and social connections to
its customers.  666P's customers are granted access to 666P's New York health and social
center, which opened in May 2024 and operates under the name "Continuum Club."  TCG is a
real estate developer that owns two condominium buildings in Miami, Florida.  Residents of
those buildings are offered access to TCG's fitness clubs, which also operate under the name
"Continuum."

On July 31, 2024, TCG filed this action against 666P, alleging that 666P is infringing on TCG's trademarks.  TCG seeks damages and a declaration that TCG is the exclusive owner of the trademarks.  On September 23, 2024, 666P filed an Answer, which asserts eight affirmative defenses.  As to the Complaint's allegations of infringement, the Second Affirmative Defense asserts that "[666P] does not infringe and has not infringed, under any theory of infringement, any alleged, valid and enforceable trademark owned by TCG."  The Answer also includes a single counterclaim for declaratory judgment that 666P "has not infringed or otherwise violated [TCG's] rights in its purported trademarks in New York."  On November 19, 2024, TCG moved to dismiss the Counterclaim as duplicative of the affirmative defense and TCG's claim.

## II.    STANDARD

"A motion to dismiss a counterclaim is evaluated under the same standard as a motion to dismiss a complaint."[1]  *CDC Newburgh Inc. v. STM Bags, LLC*, 692 F. Supp. 3d 205, 219 (S.D.N.Y. 2023) (citing *Revonate Mfg., LLC v. Acer Am. Corp.*, No. 12 Civ. 6017, 2013 WL 342922, at *2 (S.D.N.Y. Jan. 18, 2013)).  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Emilee Carpenter, LLC v. James*, 107 F.4th 92, 99 (2d Cir. 2024).  It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[] . . . claims across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570; *accord Buon v. Spindler*, 65 F.4th 64, 85 (2d Cir. 2023).  Under Rule 12(b)(6), a court "accept[s] as true all well-pleaded factual allegations, draw[s] all reasonable inferences in

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

the plaintiff's favor, and assess[es] the complaint to determine whether those allegations plausibly establish entitlement to relief." *Tripathy v. McKoy*, 103 F.4th 106, 113 (2d Cir. 2024).

## III.    DISCUSSION

The Answer asserts a single counterclaim seeking a declaratory judgment of non-infringement of TCG's trademarks.  As explained below, TCG's motion to dismiss the Counterclaim is granted.

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a).  To determine whether to exercise jurisdiction under the Declaratory Judgment Act, courts consider the following factors: "(1) whether the declaratory judgment sought will serve a useful purpose in clarifying or settling the legal issues involved; (2) whether such a judgment would finalize the controversy and offer relief from uncertainty; (3) whether the proposed remedy is being used merely for procedural fencing or a race to res judicata; (4) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; (5) whether there is a better or more effective remedy; and (6) whether concerns for judicial efficiency and judicial economy favor declining to exercise jurisdiction." *Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 99-100 (2d Cir. 2023).  Courts have "broad discretion to weigh th[ose] factors," and no one factor is dispositive.  *Id.* at 100.

"A counterclaim seeking a declaratory judgment may be dismissed if it is duplicative of the counterclaimants' affirmative defenses, does not broaden the scope of the dispute, or would not present a live controversy once the plaintiffs' claims have been resolved on the merits." *Nat'l Acad. of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*, 551 F. Supp. 3d 408,

430 (S.D.N.Y. 2021); *accord United Coal Co., LLC v. Xcoal Energy & Res.*, No. 23 Civ. 5709, 2024 WL 4533349, at *5 (S.D.N.Y. Oct. 21, 2024); *see* 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1406 (3d ed. 2025) ("When the request for declaratory relief [in a counterclaim] brings into question issues that already have been presented in plaintiff's complaint and defendant's answer to the original claim, however, a party might challenge the counterclaim on the ground that it is redundant and the court should exercise its discretion to dismiss it.").  A counterclaim seeking a declaratory judgment may also be dismissed as duplicative if it "is redundant of a primary claim raised by a party to a lawsuit." *Gorfinkel v. Ralf Vayntrub, Invar Consulting Ltd.*, No. 13 Civ. 3093, 2014 WL 4175914, at *6 (E.D.N.Y. Aug. 20, 2014); *accord Nat'l Acad. of Television Arts & Scis., Inc.*, 551 F. Supp. 3d at 430.

The Counterclaim is dismissed because it is duplicative of the Second Affirmative Defense and TCG's trademark infringement claim.  First, the Counterclaim seeks a declaratory judgment that 666P "has not infringed" TCG's trademarks.  That relief is identical to the Answer's Second Affirmative Defense, which asserts that "Defendant [666P] . . . has not infringed" TCG's trademarks.  Second, the Counterclaim's request for declaratory relief of non-infringement "is entirely duplicative of [TCG's] [trademark infringement] claim -- and any resolution of the merits of [TCG's] claim will necessarily resolve [666P's] counterclaim." *Aquavit Pharms., Inc. v. U-Bio Med, Inc.*, No. 19 Civ. 3351, 2020 WL 4504737, at *3 (S.D.N.Y. Aug. 5, 2020).  The Counterclaim serves no useful purpose and should be dismissed.  *See Nat'l Acad. of Television Arts & Scis., Inc.*, 551 F. Supp. 3d at 430 (dismissing counterclaims because they were "duplicative of [d]efendant's affirmative defense and mirror[ed] [p]laintiffs' . . . claim").

666P's primary argument against the Counterclaim's dismissal is that the Counterclaim is necessary to "assure[] finality" of this action, because TCG may "unilaterally seek to dismiss the action prior to the rendering of a verdict, thereby leaving in place the cloud of uncertainty Plaintiff has created over Defendant's business." That argument fails because TCG cannot "unilaterally" dismiss this case. Under Rule 41(a)(1)(A), a "plaintiff may dismiss an action without a court order by filing (i) a notice of dismissal *before the opposing party serves either an answer* or a motion for summary judgment; or (ii) a stipulation of dismissal *signed by all parties who have appeared.*" (emphasis added). Thus, 666P's concerns regarding a unilateral dismissal of this action are unwarranted; "[b]ecause Defendant[] ha[s] answered, Plaintiff needs . . . Defendant['s] consent before dismissing this action prior to a merits decision." *Aquavit Pharms., Inc.*, 2020 WL 4504737, at *3.

666P's remaining arguments that TCG is not harmed by the Counterclaim and that the "interests of judicial efficiency and economy are served by retaining jurisdiction over [666P's] counterclaim" are similarly unavailing. As discussed above, regardless of whether the Counterclaim harms TCG, the Counterclaim is unnecessary and wastes judicial resources because it "would not present a live controversy once the plaintiff's diametrically opposed claim has been resolved on the merits." *Id.* at *2.

## IV.    CONCLUSION

For the reasons stated above, TCG's motion to dismiss the Counterclaim is **GRANTED**.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 64.

Dated: May 23, 2025
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE